UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOTION INDUSTRIES, INC.                              CIVIL ACTION

VERSUS                                               NUMBER: 15-1958

SUPERIOR DERRICK SERVICES, LLC                       SECTION: "H"(5)

## ORDER AND REASONS

Before the Court is Defendant's motion to compel responses to written discovery (rec. doc. 30), Plaintiff's opposition to that motion (rec. doc. 38) and Defendant's reply memorandum. (Rec. doc. 43). Also before the Court is Plaintiff's motion for protective order (rec. doc. 36), which was filed as a companion to its opposition to Defendant's motion to compel. Defendant opposes that motion. (Rec. doc. 45).

The Court held a hearing on both motions on February 24, 2016 and, for the reasons stated on the record, denied the motion to compel as moot and denied the motion for protective order without prejudice save for the single issue of Plaintiff's claim of privilege over a set of documents associated with an investigation conducted for Plaintiff by "Asset Protection." (Rec. doc. 58). As that issue was fully briefed by the parties and at Defendant's request, the Court ordered the disputed documents produced for *in camera* inspection and advised that it would rule on Plaintiff's privilege objection expeditiously.

Having considered all the pleadings and exhibits, including the investigation materials, as well as the argument of counsel, the Court rules as follows.

### A. The Discovery in Question

On December 1, 2015, Defendant served Plaintiff with interrogatories and requests for production of documents. (Rec. doc. 30-2). The deadline by which Plaintiff was required

to provide Defendant with written responses and/or objections to the requests for production was December 31, 2015.  Fed. R. Civ. P. 34(b)(2)(A).  Plaintiff did not timely respond to the requests.  Indeed, despite ongoing assurances by Plaintiff's counsel in a series of emails with Defendant's counsel that responses were imminently forthcoming, <u>nothing</u> was produced until some six weeks after the December 31 deadline and only then after Defendant had been forced by Plaintiff's intransigence to file the present motion to compel. In fact, Plaintiff's responses were not actually served upon defense counsel until <u>after</u> Plaintiff had filed <u>both</u> an opposition to the motion to compel (rec. doc. 38) and its own motion for protective order.[1]  (Rec. doc. 36).

As noted above, at issue here are three of the aforementioned requests for production, reproduced here along with Plaintiff's responses thereto:

<u>**REQUEST FOR PRODUCTION NO. 2:**</u>
Please produce all documents, records, statements or communications (whether written or oral) identified, described, or containing information related to any of the above-listed Interrogatories or your responses thereto.

<u>**RESPONSE NO. 2:**</u>
Respondent objects to this request in that it is overly broad and vague insofar as it requests documents, records, statements or communications "identified, described, or containing information related to any of the above listed interrogatories or your response thereto."  Respondent objects to producing the reports of the investigation because of the work product privilege.  A privilege log is being submitted with regard to those materials.  While reserving those objections, respondent submits that the documents identified in the previous response are being produced with these discovery responses.

---

[1]  At the hearing on these motions, counsel for Plaintiff explained that it was his intention to serve the responses simultaneously with these two pleadings and the fact that such service did not actually happen was an oversight.

## REQUEST FOR PRODUCTION NO. 5:

Please produce each investigation report or other document (both final and draft copies) conducted by or for you, or on your behalf, relating to the actions, or failure to act, of Casey McGrew, relating to, among other things, activities or transactions with Superior Derrick, its former employee, Brody Hulin, or entities with which either Casey McGrew or Brody Hulin is or was affiliated.

## RESPONSE NO. 5:

This request is objected to in that it is overly broad and vague with regard to what it means by the production of "each investigation report or other document" "conducted by or for you or on your behalf" "relating to the actions or failure to act of Casey McGrew" "relating to, among other things, activities or transactions." This request is also objected to in that any investigation reports are privileged under the work product privilege. A privilege log is being submitted with these responses. See responses to interrogatories 9 and 10.

## REQUEST FOR PRODUCTION NO. 6:

Please produce each investigation report or other document (both final and draft copies) conducted by or for you or on your behalf relating to the actions, or failure to act, of Kenneth McGrew with respect to, among other things, activities or transactions involving his son, Casey McGrew, or the reporting, or failure to report actions or events involving Casey McGrew, Superior Derrick, or its former employee, Brody Hulin, or entities with which Casey McGrew or Brody Hulin were affiliated.

## RESPONSE NO. 6:

This request is objected to in that it is overly broad and vague with regard to what it means by the production of "investigation report or other document" "conducted by or for you or on your behalf" "relating to the actions or failure to act" "with respect to, among other things" "activities or transactions involving his son" "reporting or failure to report actions or events involving." This request is also objected to in that an investigation reports are privileged under the work product privilege. A privilege log is being submitted with these responses. See responses to interrogatories 9 and 10.

(Rec. doc. 36, 5, pp. 15-16, 18-19).

3

The Court first notes that the boilerplate objections preceding the assertion of privilege in each of these two responses are improper.  There is simply nothing vague or overbroad about these requests.  Moreover, under Rule 26(b)(2), "[a]n objection [to a request for production] must state whether any responsive materials are being withheld on the basis of <u>that</u> objection."  These responses failed to do that with regard to these particular objections.

More to the point here, though, Plaintiff also objected to producing investigation reports on the basis that any such reports "are privileged under the work product privilege." Despite stating in both responses that a privilege log was being submitted with the responses, there is no such log anywhere in this record, nor does it appear such a log was ever produced to Defendant.

**B.  <u>Analysis</u>**

As noted, there is no dispute that Plaintiff did not timely respond or object to any of the Defendant's discovery requests.  Consequently, Defendant filed its motion to compel on January 20, 2016.  Almost a full month later, on February 16, 2016, Plaintiff simultaneously filed a motion for protective order and an opposition to Defendant's motion to compel, both of which (1) make the foregoing work-product privilege argument and (2) argue that many of the Defendant's requests were disproportionate to the needs of the case under amended Rule 26.  (Rec. docs. 36, 38).  This order and reasons is concerned solely with the first argument, *i.e.*, work-product privilege.

As of the filing of the aforementioned pleadings, some six weeks after the original deadline for responding to the subject requests, Plaintiff had still not responded to any of the requests or produced any documents; had not obtained a stipulation extending the time to

respond under Federal Rule of Civil Procedure 29; and had not sought a court order extending the deadline.  At this point, Plaintiff had waived its potential objections to Defendant's discovery requests.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 10, 12-13 (1st Cir. 1991)(objections to requests for production were waived by failure to make timely objections); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *accord Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006); *Brown-Stahlman v. Charter Trust Co.*, No. 04-CV-322, 2006 WL 680874 at *1 (D.N.H. Mar. 16, 2006); *Banks v. Ofc. of Senate Sgt.-at-Arms*, 222 F.R.D. 7, 21 (D.D.C. 2004).

Plaintiff's waiver was compounded when it finally <u>did</u> respond, because it failed to provide to its opponent or the Court the privilege log that must accompany work-product objections, as required by Fed. R. Civ. P. 26(b)(5).  It is well-established that the burden of demonstrating the applicability of the work-product privilege rests on the party who invokes it – in this case, the Plaintiff.  *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).  When a party invoking a privilege fails to comply with the Rule 26(b)(5) requirement to provide a privilege log, courts have routinely found that all assertions of privilege or other protections against the requested discovery have been waived.  *See, e.g.*, *Burlington N. & Santa Fe Ry. v. U.S. Dist. Court*, 408 F.3d 1142, 1149-50 (9th Cir.) *cert. denied*, __ U.S. __, 126 S.Ct. 428 (2005); *Pensacola Firefighters' Relief Pension Fund v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 592-94 (N.D. Fla. 2010); *Lee v. State Farm Mut.*

*Auto. Ins. Co.*, 249 F.R.D. 662, 683 (D. Colo. 2008); *Lugosch v. Congel*, 219 F.R.D. 220, 239 (N.D. N.Y. 2003); *Bordonaro v. Union Carbide Corp.*, No. 93-3355, 1995 WL 234545 at *2 (E.D. La. Apr. 20, 1995); *see also Haid v. Wal-Mart Stores, Inc.*, No. 99-CV-4186, 2001 WL 964102 at *2 (D. Kan. June 25, 2001) ("As plainly indicated by Rule 26(b)(5), the question whether materials are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision.").

Accordingly, because the Plaintiff failed to respond or object at all until six weeks after its deadline to do so and because when it did respond it failed to provide the Defendant or the Court the required privilege log, any objections based on a claim of privilege are waived. Even if that were not the case, however, on the merits, Plaintiff has done absolutely nothing to carry its burden to demonstrate that the documents at issue are subject to the work-product privilege.

At the hearing on these two motions, the Court ordered Plaintiff's counsel to produce for *in camera* inspection any investigation report and associated documents that it claims now are privileged. Those documents, numbering 86 pages total, were produced and have now been reviewed by the Court. There is nothing in those documents, in the Plaintiff's briefs or in this record anywhere to indicate that the documents are privileged under any theory.

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

6

(i)     they are otherwise discoverable under Rule 26(b)(1); and

(ii)    the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. Proc. 26(b)(3).

The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation for litigation. *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385 (1947); *Blockbuster Entertainment Corp. v. McComb Video, Inc.*, 145 F.R.D. 402, 403 (M.D. La. 1992). It protects two categories of materials:  ordinary work-product and opinion work product. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 330–32 (D. Kan. 1991).

It has been widely cautioned that the work-product doctrine "is not an umbrella that shades all materials prepared by a lawyer, or agent of the client." *U.S. v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982), *cert. denied*, 466 U.S. 944, 104 S.Ct. 927 (1984)(internal quotations and citation omitted); *see also Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-CV-3759, 2000 WL 1145825 at *2 (E.D. La. Aug. 11, 2000).  It focuses only on materials assembled and brought into being in anticipation of litigation. *Piatkowski*, 2000 WL 1145825 at *2. Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *El Paso*, 682 F.2d at 542.  Work product protection also does not extend to the underlying facts relevant to the litigation. *See generally Upjohn Co. v. United States*, 449 U.S. 383, 395-95, 101 S.Ct. 677, 685-86 (1981).

In determining whether a document was "brought into being" in anticipation of litigation, the primary focus is on the reason or purpose for creating the document. *Beal v.*

7

*Treasure Chest Casino*, No. 98–CV-0786, 1999 WL 461970 at *3 (E.D. La. July 1, 1999). The Fifth Circuit has described the standard for determining whether a document has been prepared in anticipation of litigation as follows:

> It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine. We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation.
>
> > *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. Unit A), *cert. denied*, 454 U.S. 862, 102 S.Ct. 320 (1981)(citations omitted) (emphasis added); *accord In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000), *cert. denied*, 532 U.S. 919, 121 S.Ct. 1354 (2001).

Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and counsel's involvement in the generation of the document and whether it was a routine practice to prepare that type of document versus whether the document was instead prepared in response to a particular circumstance. *See Piatkowski*, 2000 WL 1145825 at *2; *Electronic Data Systems Corp. v. Steingraber*, No. 02-CV-0225, 2003 WL 21653414 (E.D. Tex. July 9, 2003). However, the mere fact that a defendant anticipates litigation resulting from an incident does not automatically insulate investigative reports from discovery as work-product. *Carroll v. Praxair, Inc.*, No. 05-CV-0307, 2006 WL 1793656 (W.D. La. Jun 28, 2006); *see also Janicker v. George Washington Univ.*, 94 F.R.D. 648, 650 (D.D.C. 1982)("The fact that a defendant anticipates the contingency of litigation resulting from an accident or an event does not automatically qualify an 'in house' report as work product."). "If the document would have been created regardless of whether litigation

8

was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation" *Piatkowski*, 2000 WL 1145825 at *2.[2]

> The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery.
>
> > *Carroll*, 2006 WL 1793656 at *2 (citing *Binks Manufacturing Co. v. National Presto Industries, Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)).

In the present case, there is literally nothing in the record, including the documents themselves, that would allow this Court to undertake the inquiry necessary to find these documents to be privileged. As for what the "primary motivating purpose behind the creation of the document" might have been, the Court can only guess. This is the sum total information provided by the Plaintiff in brief to explain the documents' genesis:

> An employee contacted Movant's human resources department in July 2013 and as a result of that contact, an investigation was initiated. Movant retained Asset Protection as a contractor to assist in the process of the investigation. The privilege logs reflects that Asset Protection generated a report in November 2013 to which were attached statements from various employees of Movant. The employees who provided the statements are as follows:

---

[2] In this vein, Wright and Miller provides:

> Prudent parties anticipate litigation, and begin preparation prior to the time suit is formally commenced. Thus the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work-product immunity for documents prepared in the regular course of business rather than for purposes of the litigation.
>
> > Wright & Miller, Fed. Pract. & Proc. § 2024 (1994)(footnotes omitted).

1. Kathy Lemoine

2. Bobby Arceneaux

3. Ken McGrew

4. Casey McGrew

5. John McMillian

6. Trey Landry

(Rec. doc. 36-3 at p. 6).

As a statement in support of a privilege claim, this one leaves much to be desired, as it creates far more questions than it provides answers. Who was the employee that contacted human resources and why? An "investigation was initiated" by whom and why? What is "Asset Protection?" Where are the privilege logs referenced in the brief? Who are the six employees identified? Are any of them attorneys? Were any attorneys involved in this investigation? Why, if at all, did anyone anticipate litigation resulting from this human resources "contact?"

It should be noted that the documents themselves do not in any way help the Court answer any of these questions. The mere statement by counsel in brief that "[t]he motivation for the investigation and the preparation of the documents in relation to the investigation was an anticipation of litigation" is woefully insufficient to carry Plaintiff's burden in the absence of any supporting evidence in the record.

Accordingly, the Plaintiff's motion for protective order as it pertains to the assertion of privilege over the "Executive Summary – Preliminary Report" and all associated documents produced to the Court for *in camera* review is **denied.** The documents are to be produced to Defendant no later than Thursday, March 3, 2016.

New Orleans, Louisiana, this __26th__ day of _____February_____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE