## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MOTION INDUSTRIES, INC.**  **CIVIL ACTION**

**VERSUS**  **NO: 15-1958**

**SUPERIOR DERRICK SERVICES, LLC**  **SECTION "H"**

## <u>ORDER AND REASONS</u>

Before the Court are Motions to Dismiss filed by Motion Industries, Inc. (Doc. 75); Discover Property and Casualty Insurance Company (Doc. 78); Old Republic Insurance Company (Doc. 80); Casey McGrew (Doc. 94); and B&M Industries, Brody Hulin, and Megan Hulin ("the Hulin Defendants") (Doc. 111). These parties seek dismissal of the claims asserted against them in Superior Derrick Services, LLC's Amended Counterclaim (Doc. 63). For the following reasons, these Motions are **DENIED**.

## BACKGROUND

This diversity action is based on an alleged breach of contract. Plaintiff Motion Industries, Inc. ("Motion") alleges that Defendant Superior Derrick Services, LLC ("Superior") entered into an agreement to purchase multiple hydraulic power units from Motion. Between February 21, 2011, and August 11, 2011, Motion alleges that Superior issued no less than six purchase orders

1

for at least eight hydraulic power units, to be built to specifications.  Superior took delivery of some of the units.   It indicated, however, that it would not accept the final two units, despite the fact that Motion had already acquired the materials to build these units.  Motion claims a substantial loss as a result, and asks for damages of $1,071,216.50 for breach of contract and on open account for failure to pay for goods, merchandise, and services at stated prices.

Superior denies the allegations of the Complaint.  On April 15, 2016, Superior filed an Amended Counterclaim asserting claims against Motion and others, including B&M Industries, LLC ("B&M"), Superior Project Manager Brody Hulin and his wife Megan Hulin, Motion employee Casey McGrew, Motion Vice President Kenneth McGrew, and Motion's insurers, Old Republic Insurance Company, Discover Property and Casualty Insurance Company, and Federal Insurance Company (the "Amended Counterclaim").   The claims asserted therein are nearly identical to claims Superior has asserted in an earlier-filed state court suit.   Superior alleges that, while employed as a Superior Project Manager, Brody worked with Casey McGrew to formed defendant B&M in an effort to defraud Superior. (Brody, Casey, and B&M collectively constitute "the Enterprise Defendants").   It alleges that the two used their respective positions at Superior and Motion to interject B&M into Superior's supply line to mark up prices to Superior's detriment.   Superior alleges that they placed fictitious and excessive orders for materials from Motion, who benefited from them by receiving a markup for the fraudulent transactions.  It alleges that Kenneth, as an executive of Motion, discovered this scheme and did not disclose it.   Superior brings claims against all counterclaim defendants (except Megan Hulin) for (1) tortious misconduct and conversion; (2) violations of the Louisiana Unfair Trade Practices Act; and (3) detrimental reliance/breach of duties as employees.  Against the Enterprise

2

Defendants only, Superior asserts claims of (1) violation of the Computer Fraud and Abuse Act and (2) violations of the Louisiana Racketeering Act. Finally, Superior asserts a breach of contract claim against Motion only and a revocatory action against B&M, Megan Hulin, and Brody Hulin.  Before the Court are a series of Motions to Dismiss wherein the counterclaim defendants seek dismissal of these claims.

**LEGAL STANDARD**

### I. Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2]  The proponent of federal court jurisdiction—in this case, the Plaintiff— bears the burden of establishing subject matter jurisdiction.[3]

### II. Improper Venue

Under Rule 12(b)(3), a party may assert by motion the defense of improper venue.[4] When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[5] Rule 12(b)(3) permits the court to look at all evidence in the

---

[1] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[2] *Den Norske Stats Oljesels kap As v. Heere MacVof*, 241 F.3d 420, 424 (5th Cir. 2001).

[3] *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[4] Fed. R. Civ. Proc. 12(b)(3).

[5] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

record "beyond simply those facts alleged in the complaint and its proper attachments."[6]

### III. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[7]  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[8] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[9]  The Court need not, however, accept as true legal conclusions couched as factual allegations.[10]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[11]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[12]  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[13]

### LAW AND ANALYSIS

Each of the Counterclaim Defendants seek dismissal of the claims against them.  Motion seeks dismissal of Counts 1-5 of the Amended

---

[6] *Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[8] *Id.*

[9] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[10] *Iqbal*, 556 U.S. at 667.

[11] *Id.*

[12] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[13] *Lormand*, 565 F.3d at 255–57.

Counterclaim.[14]  In the alternative, it seeks a more definite statement of the claims asserted against it.[15]  Counterclaim Defendants Discovery Property and Casualty Insurance Company and Old Republic Insurance Company have filed Motions adopting the arguments contained in Motion's Motion to the extent they apply to them as Motion's insurers.[16]  Defendants Casey McGrew, Brody Hulin, and Megan Hulin have filed separate Motions to dismiss the claims against them.[17]  In addition to challenging the sufficiency of several claims under rule 12(b)(6), they also challenge the Court's jurisdiction to entertain the third-party claims against them.  The Hulin Defendants have also moved for dismissal on grounds of improper venue.  The Court will first address the Counterclaim-Defendants' challenges to jurisdiction and venue.  It will then move on to address the sufficiency of each of Superior's claims.

## I. Jurisdiction and Venue

Third-Party Defendants Casey McGrew, Brody Hulin, and Megan Hulin challenge the Court's jurisdiction to entertain Superior's Counterclaims.  All argue that supplemental jurisdiction under 28 U.S.C. § 1367 is lacking because the counterclaims do not arise out of the same case or controversy as Motion's original suit.  The Hulin Defendants further argue that 28 U.S.C. § 1367(b) precludes the exercise of supplemental jurisdiction, and alternatively, that the Court should abstain under various abstention doctrines.  Finally, the Hulin Defendants challenge whether this Court is an appropriate venue for the suit. The Court will separately address these arguments.

---

[14] Doc. 75.
[15] Doc. 75.
[16] Docs. 78 and 80.
[17] Docs. 94 and 111.

### A. Whether the Claims Form Part of the Same "Case or Controversy" as Motion's Original Suit

The original claim in this matter is a breach of contract dispute/suit on an open account filed by Motion against Superior (the "Original Suit"). Jurisdiction over that claim is based on diversity of citizenship, as Motion and Superior are citizens of different states and the amount in controversy exceeds $75,000.[18]   In its Counterclaim, Superior avers that the state law claims against the Third-Party Defendants form part of the same case or controversy so as to justify the exercise of the Court's supplemental jurisdiction. Defendants challenge this assertion.   In pertinent part, 28 U.S.C. § 1367 provides as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

"The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'"[19]  "A loose factual connection between the claims is generally sufficient."[20]

---

[18] *See* 28 U.S.C. § 1332.

[19] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)).

[20] *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, No. CIV.A. 10-4505, 2012 WL 195533, at *3 (E.D. La. Jan. 23, 2012) (citing Grant of Supplemental Jurisdiction in 28 U.S.C.A. § 1367(a), 13D Fed. Prac. & Proc. Juris. § 3567.1 (3d ed.)).

The Defendants argue that Superior's Counterclaims far exceed the original scope of Motion's original claim. They contend that while the original claim is a collection action against Superior, the Counterclaims exceed the questions presented therein and focus on the purportedly fraudulent conduct of McGrew and the Hulin Defendants. Superior counters that the conduct of the Third-Party Defendants in inextricably intertwined with the original claim, as the collection claims at issue in the Original Suit are the same transactions placed at issue in the Counterclaim. The Third-Party Defendants have not disputed this assertion. This Court finds that there is sufficient overlap between these claims to find that they arise out of a common nucleus of operative fact.

**B. Whether 28 U.S.C. § 1367(b) Precludes Supplemental Jurisdiction**

The Hulin Defendants additionally contend that 28 U.S.C. § 1367(b) precludes the exercise of supplemental jurisdiction. It provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

The Hulin Defendants argue that this language precludes the Court from exercising supplemental jurisdiction because they are defendants added pursuant to Rule 14 or Rule 20. Though they are correct in this assertion, this argument ignores the other requirement of § 1367(b)—that the claim be made by a *plaintiff*. The reference to "plaintiff" in § 1367(b) "refers to the original plaintiff in the action— not to a defendant that happens also to be a counter-

plaintiff, cross-plaintiff, or third-party-plaintiff."[21]   Because Superior is a defendant, not a plaintiff, in the Original Suit, § 1367(b) is not applicable to the claims asserted in the Amended Counterclaim.

### C. Abstention

Finally, the Hulin Defendants contend that the Court should abstain from exercising its jurisdiction pursuant to either the *Younger* abstention doctrine or the *Colorado River* abstention doctrine, as there is a parallel suit in the 12th Judicial District Court for the Parish of Avoyelles in Marksville, LA involving the same claims set forth in the Counterclaim.

### 1. Younger Abstention

*Younger* abstention, first set out by the Supreme Court in *Younger v. Harris*, requires federal courts to abstain from exercising jurisdiction where there is a parallel pending state criminal prosecution.  This doctrine has been extended to certain state civil proceedings, however, as recently clarified by the Supreme Court in *Sprint Communication, Inc. v. Jacobs*, these proceedings include only particular state civil proceedings that are akin to criminal prosecutions, such as civil enforcement proceedings and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.[22]   The Court stressed that circumstances fitting within *Younger*'s parameters are "exceptional." Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."[23]  Here, the presence of a garden variety state court civil suit regarding the same issues as set forth here does not rise to the level of exceptionality sufficient to trigger *Younger* abstention.

---

[21] *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 580 (5th Cir. 2004).

[22] *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

[23] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

## 2. Colorado River Abstention

The Hulin Defendants next argue that the abstention doctrine first identified by the Supreme Court in *Colorado River Water Conservation Dist. v. United States* applies in this matter.[24]   In determining whether there are "exceptional circumstances" sufficient to apply this doctrine, a court must look to six relevant factors:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[25]

"The decision of whether to abstain 'does not rest on a mechanical checklist' of these factors, but rather 'on a careful balancing of [them] as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.'"[26]

Here, the first factor is not relevant, as no court has assumed jurisdiction over a res.  The second factor is neutral, as New Orleans and Marksville are each more convenient to different parties.   The fourth and fifth factors weight in favor of abstention, as the state court action was filed first and the majority of the claims asserted arise under state law.  The six factor weights is neuteral, as both the state and federal courts are capable of protecting the rights of Superior, the party invoking federal jurisdiction.

The third factor is problematic, however, due to the current posture of the proceedings.  At this time there are identical claims asserted in the state court suit and the Amended Counterclaim.  The Court notes that the Amended

---

[24] 424 U.S. 800 (1976).

[25] *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002).

[26] *Id.* (quoting *Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 540 n. 6 (5th Cir.2002)).

Counterclaim stemmed out of the parties' desire, expressed at status conferences, to litigate the related matters asserted in the state court suit in a single court. Accordingly, in an effort to facilitate efficient resolution, Superior amended its counterclaim to add the claims previously asserted in the state court suit. The Court finds that such a solution does indeed promote efficient resolution; however, it would be unfair to the Counterclaim Defendants to permit the state court suit to languish indefinitely. Superior is understandably reluctant to dismiss the state court suit without this Court's ruling on the motions addressed herein. The Court has not, however, dismissed any portion of the Amended Counterclaim. Accordingly, the Court finds that, should the state court suit be dismissed, the third factor would weigh heavily in favor of retaining jurisdiction. Should Superior fail to dismiss the state court suit within 10 days of the entry of this order, the Court will entertain a renewed motion to dismiss on the basis of *Colorado River* abstention. At this time, however, particularly in light of the desire to avoid piecemeal litigation, the Court finds that exceptional circumstances do not exist so as to warrant the application of *Colorado River* abstention.

For the foregoing reasons, the Court finds that it has jurisdiction to entertain the claims set forth in the Amended Counterclaim.

### D. Venue

The Hulin Defendants also challenge whether venue is appropriate in this Court. According to 28 U.S.C. § 1391(b) venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which

any defendant is subject to the court's personal jurisdiction with respect to such action.

In its Amended Counterclaim, Superior alleges that a substantial portion of the events or omissions giving rise to their claims occurred in this District. The Hulin Defendants challenge this assertion, arguing that, while proceeding in state court, Superior averred that a substantial portion of the events at issue took place in St. Martin Parish. They argue that these pleadings are mutually exclusive and that venue in this District is therefore inappropriate. Superior responds, arguing that the statements are not mutually exclusive, in that it alleges that substantial portions of the events giving rise to the claim occurred in both St. Martin Parish and in this District, namely in Houma. This Court agrees. Venue may be proper in more than one court. Furthermore, the Court must take as true the well pleaded allegations of the Amended Complaint. Because Superior has alleged that a substantial portion of the events giving rise to its claims took place in this District, venue is proper.

## II. Sufficiency of the Claims

Having found that jurisdiction and venue are present, the Court will now turn to the Third-Party Defendant's arguments that the various counts of Superior's Amended Counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. In the interests of efficiency, the Court will separately address the Third-Party Defendants' challenges to each count of the Amended Counterclaim.

### A. Count 1: Tortious Misconduct and Conversion

Superior alleges a claim of tortious misconduct and conversion against the Enterprise Defendants, Kenneth, and Motion. Specifically, Superior alleges that the Enterprise Defendants "purposefully manipulated and modified Superior's supply chain and project management as part of an ongoing effort to perpetuate and conceal a continuing course of conduct of

misappropriating Superior's assets and funds in violation of Louisiana Law."[27] Superior alleges that because Kenneth and Casey are employees of Motion, their tortious actions are imputed to it. They further allege that Motion was independently negligent in its failure to properly train and supervise its employees. Motion moves for dismissal of this claim, arguing, without citation, that it cannot be vicariously liable for these activities. This assertion is incorrect. Under Louisiana law, an employer may be responsible for his employees intentional tort when the conduct is closely connected in time, place, and causation to employment duties.[28] Superior alleges that Motion officers and employees had actual knowledge of the theft and manipulation orchestrated by the Enterprise Defendants, and that they facilitated this misconduct to Motion's ultimate benefit. The Court finds that these alegations are sufficient to state a claim against Motion.

Motion also argues that Superior has failed to state a claim under La. Rev. Stat. § 12:1502. Superior concedes that this claim is not brought under this statute, but rather under general Louisiana tort principles. Accordingly, the Court need not consider this argument.

## B. Count 2: Violations of the Louisiana Unfair Trade Practices Act

Superior next claims a violation of the Louisiana Unfair Trade Practices Act (LUTPA) against the Enterprise Defendants, Kenneth, and Motion. LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[29] Only consumers or business competitors may bring a LUTPA claim.[30] Motion contends that the

---

[27] Doc. 63, p. 12.
[28] *Benoit v. Capitol Mfg. Co.* 617 So. 2d 477, 479 (La. 1993).
[29] La. Rev. Stat. § 52:1405(A).
[30] *Hamilton v. Bus. Partners, Inc.*, 938 F. Supp. 370, 372 (E.D. La. 1996).

LUTPA allegations against it are deficient because there is no allegation that Motion is a business competitor of Superior. Superior responds, arguing that it has alleged that Motion was its primary vendor, making Superior a "consumer" for LUTPA purposes. Indeed, Louisiana courts have held that business entities may be considered consumers under LUTPA.[31] Superior alleges that it purchased items from Motion, making it a consumer. Accordingly, this Court concludes that Superior's allegations are sufficient to state a LUTPA claim as a consumer.

### C. Count 3: Violation of Computer Fraud and Abuse Act

Motion and Casey McGrew challenge the sufficiency of the allegations of Count 3, wherein Superior asserts violations of the Computer Fraud and Abuse Act ("CFAA"). Superior concedes that these allegations are not alleged against Motion; therefore, the Court need only address this claim as it relates to McGrew.

To show a violation of the CFAA, a plaintiff must prove that "(1) defendant has accessed a protected computer; (2) has done so without authorization or by exceeding such authorization as was granted; (3) has done so 'knowingly' and with 'intent to defraud'; and (4) as a result has 'further[ed] the intended fraud and obtain[ed] anything of value."[32] In pertinent part, Superior alleges that B&M, Brody Hulin, and Casey McGrew "intentionally accessed accounting and customer files without authorization or exceeding this authorization . . . , modified customer orders, manipulated account records, used Superior's computers to send messages contrary to Superior's interest, deleted Superior's files and information, and engaged in a scheme to defraud

---

[31] *See Indest-Guidry, Ltd. v. Key Office Equip., Inc.,* 997 So. 2d 796, 808 (La. App. 3 Cir. 2008), writ denied, 999 So. 2d 782.

[32] *Associated Pump & Supply Co., LLC v. Dupre*, No. 14-9, 2014 WL 1330196, at *5 (E.D. La. Apr. 3, 2014).

Superior . . . ."  Superior alleges that these Defendants "used Superior's Protected Computers or confidential information on those computers to divert Superior's assets and employees, damage customer and supplier relationships, and engage in business activity to the detriment of Superior."  These actions, if accepted as true, are sufficient to state a claim under the CFAA.  Accordingly, McGrew's motion to dismiss this claim is denied.

### D. Count 4: Detrimental Reliance/Breach of Duties as Employee

Motion and Casey McGrew challenge the sufficiency of the allegations of Count 4, wherein Superior alleges a detrimental reliance claim against the Enterprise Defendants, Kenneth McGrew, and Motion.   "To establish detrimental reliance, a party must prove the following by a preponderance of the evidence: (1) a representation by conduct or word; (2) made in such a manner that the promisor should have expected the promisee to rely upon it; (3) justifiable reliance by the promisee; and (4) a change in position to the promisee's detriment because of the reliance."[33]

Casey McGrew and Motion both contend that the allegations of Count 4 are insufficient to state a detrimental reliance claim against them because they are based on Brody Hulin's status as an employee of Superior.  Though they are correct in that this count's allegations against Brody Hulin rely on Hulin's position as a Superior employee, Superior also alleges that Casey McGrew participated in the same scheme, and that Motion is vicariously liable for his actions.  It alleges that it relied to its detriment on McGrew and Motion's statements made through bids and invoices issued as part of the scheme.   The Court finds that this is sufficient to state a claim of detrimental reliance against Motion and Casey McGrew.

### E. Count 5: Violation of the Louisiana Racketeering Act

---

[33] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007).

Only Motion has moved for dismissal of this claim.  Superior concedes that this claim is not asserted against Motion; accordingly, the Court need not address the arguments relative to this claim.

### F. Count 6: Breach of Contract

The parties do not challenge the sufficiency of the allegations contained in Count 6.

### D. Count 7: Revocatory Action

In Count 7 of the Amended Counterclaim, Superior asserts a revocatory action against Brody Hulin, Megan Hulin, and B&M.  It alleges that B&M and Brody Hulin have transferred substantial assets from B&M and Brody Hulin to Megan Hulin at a time when the total of B&M's assets exceeded its liabilities, thereby increasing B&M's insolvency.  It avers that these transfers have prejudiced it, as a creditor of B&M and Brody Hulin.  The Hulin Defendants aver that a revocatory action is not appropriate due to the fact that the underlying debt has not been reduced to judgment.  In support of this contention, they cite to *Valley Bank of Nevada v. Livaccari*.[34]  This case does not, however, support their position.  In that case, the Court dismissed a revocatory action because, though the plaintiff alleged that he had reduced the underlying debt to judgment in Nevada federal court, he had taken no steps to have that judgment recognized in a Louisiana state court.  The court specifically noted, however, that "the original debt must first be liquidated by a judgment against the debtor unless the revocatory action makes the original debtor a party for the purpose of liquidating the debt in that action."[35]  Unlike in *Livaccari*, Superior has made B&M and Brody Hulin parties to this action

---

[34] 398 So.2d 1228 (La. App. 3 Cir. 1981).
[35] *Id.*

for the purpose of liquidating the original debt.   Accordingly, a revocatory action may be maintained.

### III. Motion's Request for a More Definite Statement

Motion also contends that Superior's claims fail in light of the heightened pleading requirements of Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or misstate."  Pursuant to this rule, "[t]he who, what, when, where, and how" must be laid out.[36]  A plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[37]  The pleading requirements for fraud may, however, be relaxed where the facts related to the alleged fraud are peculiarly within the perpetrator's knowledge.[38]  Motion alleges that the allegations of the Amended Counterclaim sound in fraud and are too vague to survive this heightened pleading standard.  Accordingly, it requests a more definite statement.  Notwithstanding the fact that Motion has provided no authority for its position that Superior's claims are subject to Rule 9(b)'s pleading requirements, the Court finds that the Amended Counterclaim contains sufficient allegations to meet those requirements.  Accordingly, Motion's request for a more definite statement is denied.

### CONCLUSION

For the foregoing reasons, the Motions to Dismiss filed by Motion Industries, Inc. (Doc. 75); Discover Property and Casualty Insurance Company

---

[36] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir.2003), opinion modified on denial of reh'g, 355 F.3d 356 (5th Cir.2003).

[37] *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir.2002) (citing *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

[38] *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage*, 291 F.3d at 350).

16

(Doc. 78); Old Republic Insurance Company (Doc. 80); Casey McGrew (Doc. 94); and B&M Industries, Brody Hulin, and Megan Hulin (Doc. 111) are **DENIED**.

New Orleans, Louisiana this 6th day of October, 2016.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**