UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MOTION INDUSTRIES, INC.                                    CIVIL ACTION

VERSUS                                                     NO: 15-1958

SUPERIOR DERRICK SERVICES, LLC                             SECTION "H"

ORDER AND REASONS

Before the Court are a Motion for Judgment on the Pleadings filed by Motion Industries and Old Republic Insurance Company (Doc. 123) and a Motion for Judgment on the Pleadings filed by Discover Property and Casualty Insurance Company (Doc. 125).  For the following reasons, these Motions are **DENIED AS MOOT**.

BACKGROUND

This diversity action is based on an alleged breach of contract.  Plaintiff Motion Industries, Inc. ("Motion") alleges that Defendant Superior Derrick Services, LLC ("Superior") entered into an agreement to purchase multiple hydraulic power units from Motion.  Between February 21, 2011, and August 11, 2011, Motion alleges that Superior issued no less than six purchase orders for at least eight hydraulic power units, to be built to specifications.  Superior took delivery of some of the units.  It indicated, however, that it would not

accept the final two units, despite the fact that Motion had already acquired the materials to build these units. Motion claims a substantial loss as a result and asks for damages of $1,071,216.50 for breach of contract and on open account for failure to pay for goods, merchandise, and services at stated prices.

Superior denies the allegations of the Complaint. On April 15, 2016, Superior filed an Amended Counterclaim asserting claims against Motion and others, including B&M Industries, LLC ("B&M"); Superior Project Manager Brody Hulin and his wife Megan Hulin; Motion employee Casey McGrew; Motion Vice President Kenneth McGrew; and Motion's insurers, Old Republic Insurance Company, Discover Property and Casualty Insurance Company, and Federal Insurance Company (the "Amended Counterclaim"). The claims asserted therein are nearly identical to claims Superior has asserted in an earlier-filed state court suit. Superior alleges that, while employed as a Superior Project Manager, Brody worked with Casey McGrew to form defendant B&M in an effort to defraud Superior. (Brody, Casey, and B&M collectively constitute "the Enterprise Defendants"). It alleges that the two used their respective positions at Superior and Motion to interject B&M into Superior's supply line to mark up prices to Superior's detriment. Superior alleges that they placed fictitious and excessive orders for materials from Motion, who benefited from them by receiving a markup for the fraudulent transactions. It alleges that Kenneth, as an executive of Motion, discovered this scheme and did not disclose it. Superior brings claims against all counterclaim defendants (except Megan Hulin) for (1) tortious misconduct and conversion; (2) violations of the Louisiana Unfair Trade Practices Act; and (3) detrimental reliance/breach of duties as employees. Against the Enterprise Defendants only, Superior asserts claims of (1) violation of the Computer

2

Fraud and Abuse Act ("CFAA") and (2) violations of the Louisiana Racketeering Act. Finally, Superior asserts a breach of contract claim against Motion only and a revocatory action against B&M, Megan Hulin, and Brody Hulin. The counterclaim defendants previously filed Motions to Dismiss, which the Court denied. Before the Court is a Motion for Judgment on the Pleadings filed by Motion Industries and Old Republic Insurance Company and a Motion for Judgment on the Pleadings filed by Discover Property and Casualty Insurance Company. Superior opposes both Motions.

## LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.[1] The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[2] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

---

[1] Fed. R. Civ. P. 12(c).
[2] *Guidry v. Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9]

## LAW AND ANALYSIS

In the instant Motions, Motion and its insurers, Old Republic and Discover, move for dismissal of all claims asserted against them under the CFAA and the Louisiana Racketeering Act.[10] The Court finds these Motions to be puzzling. As noted in the Court's previous order, Superior conceded that it has not asserted claims against Motion under the CFAA or the Louisiana Racketeering Act; therefore, these Motions appear to be moot. Nevertheless, Superior now refuses to consent to the entry of an order dismissing any such claims asserted against Motion under these statutory provisions.

In opposing these Motions, Superior points to language in the Court's earlier Order and Reasons wherein it noted that "[u]nder Louisiana law, an employer may be responsible for his employee's intentional tort when the conduct is closely connected in time, place, and causation to employment duties."[11] This language was included, however, in the Court's discussion of

---

[7] *Id.*

[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[9] *Lormand*, 565 F.3d at 255–57.

[10] Motion and Old Republic originally also moved for dismissal of claims asserted under La. Rev. Stat. § 12:1502; however, they subsequently withdrew that request for relief. (Doc. 129).

[11] Doc. 115 at 12.

4

Motion's potential vicarious liability under the general tort principles of Louisiana law. The Court made no ruling as to Motion's potential vicarious liability under the CFAA or the Louisiana Racketeering Act, as Superior asserted that it had not made any such claims.[12] Accordingly, Superior is estopped by its prior representations to this Court from seeking to impose vicarious liability on Motion for the claims asserted under the CFAA and the Louisiana Racketeering Act.[13] The Court is unable, however, to enter judgment on a claim that a party has not asserted. Accordingly, the forgoing motions are denied as moot.

## CONCLUSION

For the foregoing reasons, the Motions are **DENIED AS MOOT**.

New Orleans, Louisiana this 14th day of March, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[12] In their opposition to Motion's original Motion to Dismiss, Superior stated: "As intentional conduct does not automatically preclude vicarious liability of employers, Superior has alleged a claim for relief against Motion for vicarious liability for Casey and Kenneth **under each of the counts that are asserted against Motion**." (Doc. 82)(emphasis added). The implication of this statement is that Superior does not seek to impose vicarious liability on Motion for the claims not specifically asserted against it.

[13] The Court makes no finding as to whether the factual allegations supporting these claims might also give rise to liability on causes of action for which Superior has pleaded a claim for vicarious liability.